UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——

KYLE B. RICHARDS,

                Petitioner,               Case No. 1:14-cv-339

v.                                     Honorable Janet T. Neff

RICK SNYDER et al.,

                Respondents.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Petitioner Kyle B. Richards, a prisoner incarcerated at Ionia Correctional Facility, has filed a petition for writ of mandamus against Michigan's governor and lieutenant governor. Petitioner seeks leave to proceed *in forma pauperis*. Because Petitioner has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Petitioner to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Petitioner fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Petitioner will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Petitioner has been an active litigant in the federal courts in Michigan.  In more than three of Petitioner's lawsuits, the Court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-cv-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011);  *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010).  In addition, Petitioner has been denied leave to proceed *in forma pauperis* in more than one case because he has three strikes.  *See Richards v. Snyder et al.*, No. 1:14-cv-299 (W.D. Mich. Apr. 14, 2014); *Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich. Mar. 26, 2014); *Richards v. Arp. et al.*, No. 1:13-cv-171 (W.D. Mich. Apr. 27, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011).[1]

The Court therefore must analyze the complaint to determine whether the allegations therein satisfy the exception to the three-strikes rule for an inmate under "imminent danger of

---

[1]Petitioner also has filed dozens of cases in the Eastern District of Michigan, several that were dismissed because they were frivolous or failed to state a claim and others that were dismissed after Petitioner was denied leave to proceed *in forma pauperis* under the three-strikes rule.

serious physical injury." 28 U.S.C. § 1915(g). In doing so, the Court recognizes that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)), and that Petitioner is entitled to have his complaint liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)).

In his petition for writ of mandamus, Petitioner alleges that he filed a petition for pardon with the governor.  On May 10, 2012, the governor's Legal Affairs Office issued a memorandum indicating that his petition had been reviewed and denied.  Petitioner complains that the memorandum was not signed by either of the Respondents and that no seal or other mark of authenticity was on the document.  As a result, Petitioner argues, the memorandum decision is not valid.  He contends that Respondents' failure to properly respond to his petition for pardon violates his Fifth and Fourteenth Amendment rights to due process and constitutes a violation of his First Amendment right to petition government.  He also alleges that the failure to act violates a variety of state rules and statutes and the state constitution.  For relief, he seeks an order directing Respondents to review and respond to his clemency petition.  He also alleges that continued incarceration is causing him stress-related health effects that necessitate clemency.  He asserts that, as the result of these stress-related medical problems, he is in imminent danger.

The allegations in Petitioner's complaint do not warrant application of the imminent danger exception in § 1915(g).  The Sixth Circuit has held that to sufficiently allege imminent danger, a prisoner must demonstrate that the threat or prison condition is "real and proximate" and

- 4 -

the danger of serious physical injury exists at the time the complaint is filed.  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  "Thus, a prisoner's asserting that he or she faced danger in the past is insufficient to invoke the exception."  *Id.* at 797-98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").  Additionally, the Sixth Circuit has explained that allegations of imminent danger "must be sufficient to allow a court to draw reasonable inferences that the danger exists."  *Vandiver*, 727 F.3d at 585.  Thus, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

Assuming that Petitioner's allegations are true and that he remains in imminent danger because of the stress of incarceration, Petitioner fails to demonstrate entitlement to the exception for several reasons.  First, there exists no nexus between any of the allegedly unconstitutional conduct about which he complains and the imminent danger.  *See Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009) ("[W]e think that the statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.").  Petitioner's alleged imminent danger arises from the fact of his incarceration, not from the failure of the Respondents to grant him a pardon.

- 5 -

Second, Petitioner previously has raised numerous claims about his stress-related injuries from sensory deprivation, three of which were filed this year. *See, e.g., Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich.); *Richards et al. v. Snyder et al.*, No. 1:14-cv-84 (W.D. Mich.); *Currelley et al. v. Heyns et al.*, No. 1:12-cv-1262 (W.D. Mich.); *Colar v. Hienz et al.*, No. 1:12-cv-1197 (W.D. Mich.); *Jackson et al. v. Heyns et al.*, No. 1:12-cv-1134 (W.D. Mich.). Petitioner was granted leave to proceed in these actions, three of which remain pending. *See Richards v. Debhour*, No. 1:14-cv-239; *Richards v. Snyder*, No. 1:14-cv-84; *Jackson v. Heyns*, No. 1:12-cv-1134. In light of the existing actions seeking the same relief, Petitioner no longer can claim that he needs to file this action in order to avoid imminent danger.

Third, 28 U.S.C. § 1361 confers jurisdiction over mandamus actions only to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361. Petitioner's challenge to the fact or duration of his confinement pursuant to the judgment of a state court only can be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Because the Court lacks mandamus authority over state officials, it would be futile to grant Petitioner leave to proceed *in forma pauperis*.

Fourth, Petitioner fails to allege either a due process or a First Amendment deprivation. To establish a procedural due process violation, a petitioner must prove that (1) he was

- 6 -

deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being pardoned or having his sentence commuted. The Supreme Court has recognized that an inmate has no constitutional or inherent right to commutation of his sentence. *See District Atty's Office v. Osborne*, 557 v.s. 52 (2009); *Ohio Adult Parol Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981); *see also  Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional entitlement to release on parole).

In addition, Petitioner fails to allege a First Amendment violation. The First Amendment guarantees the right to "petition the Government for a redress of grievances." U.S. CONST. amend. I. Even assuming that Petitioner has a protected interest in filing a petition for pardon, Petitioner fails to allege how either Respondent may have interfered with that right. He does not allege that Respondents either retaliated against him for filing the petition or interfered with his access to the petition process. He merely complains that they did not take favorable action on his petition. The right to petition government, however, has never been construed as a right to have government respond to that petition.

Petitioner's action therefore fails to articulate a constitutional harm. It therefore would be futile to grant Petitioner an imminent-danger exception to the three-strikes rule.

For all of the stated reasons, § 1915(g) prohibits Petitioner from proceeding *in forma pauperis* in this action. Petitioner has twenty-eight (28) days from the date of entry of this order to

pay the entire civil action filing fee, which is $400.00.  When Petitioner pays his filing fee, the Court

will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Petitioner

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but

he will continue to be responsible for payment of the $400.00 filing fee.


Dated:  April 23, 2014                              /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**